**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| LAUREN E. ESHERICK, Plaintiff, | ) | |
| v. | ) | CIVIL ACTION NO. 05-347J |
| JO ANNE B. BARNHART, COMMISSIONER OF SOCIAL SECURITY, Defendant. | ) | JUDGE GIBSON |

**MEMORANDUM OPINION and ORDER OF COURT**

**GIBSON, J.**

This matter comes before the Court on the parties' cross-motions for summary judgment, and the briefs in support thereof. (Document Nos. 14 through 17). For the reasons stated herein, the Plaintiff's Motion for Summary Judgment (Document No. 14) is denied, and the Defendant's Motion for Summary Judgment (Document No. 16) is granted. The Court has jurisdiction and venue over this matter pursuant to 42 U.S.C. §1383(c)(3).[1]

Lauren E. Esherick (hereinafter "Plaintiff") filed a claim for Supplemental Security Income on September 15, 2003, alleging that she had been disabled as of August 19, 2003, R., pp. 59-61, due to diabetes insipidus, asthma, an eating disorder, and sleep apnea. R., p. 87. Her claim was initially denied, R., pp. 29-33, and Plaintiff appealed from this ruling, requesting a hearing. R., p. 34. The hearing, at which Plaintiff was represented by counsel, was held on February 15, 2005 before Administrative Law Judge William W. Berg. (hereinafter "ALJ"). R., p. 266. On April 8, 2005, the ALJ entered a decision denying benefits on the basis that Plaintiff's limitations would not preclude her

[1]42 U.S.C. §1383(c)(3) incorporates by reference 42 U.S.C. §405(g).

from performing work at an unskilled light level, with certain restrictions. R., p. 22. Plaintiff filed a request for review of the ALJ's decision on April 28, 2005. R., p. 7. The Appeals Council denied Plaintiff's request for review on June 24, 2005, effectively making the ALJ's decision the final decision of the Commissioner of Social Security. R., pp. 4-6. The Plaintiff filed a Complaint on August 30, 2005, (Document No. 4) and Jo Anne Barnhart, Commissioner of Social Security (hereinafter "Defendant") filed an Answer on November 30, 2005. (Document No. 5). The Plaintiff and Defendant filed cross motions for summary judgment on March 19, 2006 and April 14, 2006 respectively. (Document Nos. 14 and 16).

A district court's review of the administrative determinations of the Commissioner of Social Security is governed by the standard of whether the record contains substantial evidence to support the Commissioner's findings. 42 U.S.C. §405(g); *Richardson v. Perales*, 402 U.S. 389, 401 91 S. Ct. 1420, 1427, 28 L.Ed. 2d 842, 853 (1971). Substantial evidence is more than just a scintilla of evidence and "means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citations omitted); see also, *Stewart v. Secretary*, 714 F.2d 287, 290 (3rd Cir. 1983). In discussing this standard of review, the Third Circuit has stated:

> This oft-cited language is not, however, a talismanic or self-executing formula for adjudication; rather, our decisions make clear that the determination of the existence *vel non* of substantial evidence is not merely a quantitative exercise. A single piece of evidence will not satisfy the substantiality test if the Secretary ignores, or fails to resolve, a conflict created by countervailing evidence. Nor is evidence substantial if it is overwhelmed by other evidence–particularly certain types of evidence (e.g., that offered by treating physi cians)–or if it really constitutes not evidence but mere conclusion. See *id.* at 706 ("'Substantial evidence' can only be considered as supporting evidence in relationship to all the other evidence in the record.") (footnote omitted). The search for substantial evidence is thus a qualitative exercise without which our review of social security disability cases ceases to be merely deferential and becomes instead a sham.

*Kent v. Schweiker*, 710 F.2d 110, 114 (3rd Cir. 1983). De novo review of the facts is prohibited and deference must be given to the Commissioner's findings unless there is an absence of substantial evidence to support such findings on the record. *Monsour Medical Center v. Heckler*, 806 F. 2d 1185, 1190-1191 (3rd Cir.1986); 42 U.S.C. §405(g).

In order to establish a claim for social security benefits, the burden is on the Plaintiff to demonstrate that she has a determinable physical or mental impairment (or combination of impairments) which is so severe that she is unable to secure substantial gainful employment currently available in the national economy. 20 C.F.R. §416.905(a). The impairment must be of such a magnitude that it would ordinarily result in death, or it has lasted or is expected to last continually for no less than twelve months. *Id. Morales v. Apfel*, 225 F.3d 310, 315-316 (3d Cir. 2000).

In assessing a claim for disability, the ALJ conducts a five step analysis:

(1) If the plaintiff is working or performing a substantial gainful activity, then she is determined not to be disabled.

(2) If the plaintiff does not suffer from a severe impairment or combination of impairments that significantly limits her ability to perform basic work activity, then she is determined not to be disabled.

(3) If the plaintiff suffers from a severe impairment that meets or equals the criteria for an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the listings") and the condition has lasted or is expected to last continuously for at least twelve months, the plaintiff is considered disabled.

(4) If the plaintiff retains sufficient residual functioning capacity to perform her past relevant work, the plaintiff is not disabled.

(5) If, given the plaintiff's residual functioning capacity, age, education, and past job skills and experience, the plaintiff can perform other work that exists in significant numbers in the local regional or national economy, she is not disabled.

20 C.F.R. §416.920; *Mason v. Shalala*, 994 F. 2d 1058, 1063-64 (3d Cir. 1993). In the first four steps of this analysis, the burden of proof is on the plaintiff. *Mason,* 994 F.2d at 1064. However, in the fifth step, the burden shifts to the Commissioner to show that the plaintiff is capable of performing work which is available in the national economy. *Id.* In evaluating the evidence in this case, the ALJ properly followed this five step analysis.

The record compiled before the ALJ establishes that Plaintiff is a resident of Somerset, Pennsylvania, and was born on April 1, 1982, making her 23 years old at the time of the ALJ's decision. R., p. 272. Plaintiff is a high school graduate, R., p. 72, who has held several short term jobs

as a data entry clerk, a file clerk, and a maintenance person. R., p. 104.[2] However, she has never held a long term job. R., p. 73. Following her high school graduation, Plaintiff enrolled in a vocational evaluation program, which resulted in a recommendation of general office clerk as a suitable career choice. R., p. 79. Plaintiff enrolled in the Commonwealth Technical Institute at the Hiram G. Andrews Center in Johnstown, and graduated with an Associate's Degree in general office clerking. R., pp. 65, 93, 272. She suffers from diabetes, R., pp. 188-93, 197-202. 239-241, and obesity. R., pp. 66-71, 163, 278.[3]

On appeal to the District Court, Plaintiff first argues that the ALJ improperly failed to consider Plaintiff's obesity in conjunction with her diabetes in assessing her disability. Plaintiff's Brief, pp.7-16. At the third step of the sequential analysis for determining disability, a social security plaintiff may sidestep the remainder of the analysis and may be immediately found to be legally disabled, but only if her impairments or a combination thereof equal a "Listed Impairment." *Sullivan v. Zebley*, 493 U.S. 521, 532, 110 S.Ct. 885, 892, 107 L.Ed.2d 967, 981 (1990); 20 C.F.R. §416.920(a)(4)(iii). Meeting the requirements of a listed impairment indicates that the Plaintiff is unable to perform any work at all, rendering the remainder of the five-step analysis superfluous. *Id.*; 20 C.F.R. §416.920(d). Obesity does not appear in the Social Security Act as a listed impairment. SSR 02-1p; 20 C.F.R. part 404, subpart P, appendix 1. However, an impairment need not be specifically listed in order for a plaintiff to qualify for Social Security benefits, provided the Plaintiff presents evidence that her impairments, singly or in combination, equal the severity of a listed impairment. *Williams v. Sullivan*, 970 F.2d 1178, 1186 (3d Cir. 1992).

Social Security Ruling 02-01p "Titles II and XVI: Evaluation of Obesity" reminds adjudicators

---

[2]Two of these were summer jobs, which the ALJ declined to consider as relevant work experience. R., p. 276. Although the ALJ initially reserved judgment on the data entry position, he ultimately determined that Plaintiff had no relevant work experience. R., p. 22.

[3]The ALJ found that Plaintiff suffered from diabetes mellitus, diabetes insipidus, hypothyroidism, obesity, a mood disorder, attention deficit hyperactivity disorder, and an anxiety disorder. R., p. 12. He specifically rejected several other ailments which Plaintiff's mother and doctors have suspected or diagnosed over the years, including hyperpituitarism, asthma, sleep apnea, Prader-Willi Syndrome, Turner's Syndrome, and an unspecified wrist impairment. R., pp. 12-13. On appeal to this Court, this finding has not been challenged, and this opinion will focus on the shorter list of conditions as determined by the ALJ.

that "obesity is a risk factor that increases an individual's chances of developing impairments in most body systems," but also cautions that "the fact that obesity is a risk factor for other impairments does not mean that individuals with obesity necessarily have any of these impairments." *Id.* Thus, the connection between obesity and disability is not automatic, and may not be simply assumed. Obesity may support a finding of disability only if the physical complications of obesity are such that they equal those of a listed condition. *Williams,* 970 F.2d at 1186. Obesity may also be considered by the ALJ as an aggravating factor which will serve to heighten the severity of other conditions. SSR 02-01p. In both cases a finding of disability based on obesity must be borne out by the factual and medical record established by the particular plaintiff, who bears the burden of proving her own disability. *Capoferri v. Harris*, 501 F. Supp. 32, 36 (E.D. Pa 1990), *aff'd*, 649 F. 2d 858 (3d Cir. 1991). That burden is not met here.

In this case, the record supports the ALJ's determination that Plaintiff did not meet the criteria of Step Three based on her physical limitations singly or in combination with each other. The ALJ specifically found that Plaintiff's diabetes mellitus, diabetes insipidus, obesity, hypothyroidism, mood disorder, anxiety disorder and attention deficit hyperactivity disorder were severe conditions. R., pp. 12, 21. However, taken together, these conditions failed to meet the standards of a listed impairment for the purposes of Step Three. R., p. 21.

The ALJ considered the issue of Plaintiff's diabetes in great detail. He accepted Plaintiff's non-insulin dependent diabetes as a severe impairment, R., p. 17, but took note of Plaintiff's testimony that since she began treatment at a diabetes center her blood sugar levels have been under better control. R., pp. 281, 292. Plaintiff does not suffer from hypoglycemia. R., pp. 189-96, 198-202, 237-65. She does not suffer from any of the physical conditions associated with pronounced diabetes, such as peripheral neuropathy, retinopathy, or end organ damage, nor has she been diagnosed with a more serious form of the disease, such as nephrogenic diabetes insipidus or pyelonephritis. *Id.* Though she formerly had some isolated experience with extreme thirst and polyuria, these problems had resolved. R., pp. 239-240. She slept normally at night. R., p. 240. Plaintiff has a normal gait and no motor problems. R., p. 205.

The ALJ also meticulously considered the subject of Plaintiff's obesity. R., p. 14. There is no doubt that Plaintiff is seriously overweight, and that her weight problems have resisted all attempts at help. *Id.* However, there is no evidence that Plaintiff's weight is causing any medical problems or physical limitations that would adversely affect her ability to do a job. Her gait is unimpaired and she can walk without assistance. R., p. 163. Her posture is normal, R., p. 205, as is her fine and gross motor movement. R., pp. 13, 116. Dr. Schmidt, in the course of psychological evaluation, did conclude that Plaintiff is "40%" incapacitated" in her activities of daily life by her obesity. R., pp. 207-208. Even ignoring the fact that this conclusion was well outside the scope of Dr. Schmidt's speciality,[4] the record does not support a determination that a forty percent reduction in daily activity necessarily leads to a complete reduction in work ability. The ALJ properly noted the Plaintiff's limitations, and because they do not equate with total disability, he accommodated them in terms of Plaintiff's residual functioning capacity. R., p. 19. Given the fact that Plaintiff's weight problem is not affecting her overall health in a manner that would affect job performance, the ALJ properly concluded that her obesity did not meet the criteria for an impairment under step three analysis.[5]

Plaintiff argues persuasively that diabetes and obesity are serious medical conditions with potentially disastrous effects on the sufferer's health. Plaintiff's Brief, pp. 7-9. However, the seriousness of an impairment cannot be assessed in a vacuum for the purposes of determining disability. 20 C.F.R. §416.908. The issue in a disability case is always narrow and very specific, and concerns only the demonstrable physical effects on the Plaintiff. 20 C.F.R. §416.912(c). Because the evidence of record simply does not support the conclusion that diabetes and obesity have resulted in limitations that affect the Plaintiff's ability to work, the ALJ's determination in this respect is well supported by the

---

[4]An adjudicator may assign more weight to the opinion of a specialist concerning medical issues within his speciality than to those outside his speciality. 20 C.F.R. §416.927(d)(5).

[5]Plaintiff points out that at one time the Social Security Act recognized obesity as a separate listed impairment that could support a finding of disability, provided the plaintiff met a threshold criterion of height and weight, and additionally suffered from an obesity-related impairment such as congestive heart failure, pain and limitation of movement, or respiratory disease. *Cherry v. Barnhart,* 327 F. Supp. 2d 1347, 1353 (N.D. Okla. 2004). It is unlikely that Plaintiff's obesity would have resulted in a finding of disability even under this more generous standard, because the evidence does not establish any of the additional impairments as a result of her obesity.

record.

Plaintiff correctly notes that when a social security plaintiff suffers from a combination of impairments, the ALJ is to consider their cumulative effect on the Plaintiff in determining disability. *Williams, supra,* 970 F.2d at 1186. A combination of impairments may result in a finding of disability even where no one impairment by itself could justify such a determination. *Id.* Plaintiff uses this principle to argue that the ALJ erred in not sufficiently considering the interaction of obesity and diabetes in Plaintiff's case. Plaintiff's Brief, pp. 14-16. Once again, however, Plaintiff's argument is a general one, concerning the interaction of obesity and diabetes as demonstrated in the medical literature. The facts as established in the record of this case demonstrate that this correlation has not been established specifically with regard to the Plaintiff. The record shows that despite her obesity, Plaintiff suffers no problems with gait, posture, ambulation or coordination. R., pp 14, 163. Her blood sugar levels have dropped since she began treatment at the diabetes center. R., pp. 281, 292.

As Defendant painstakingly argues, the general complaints alleged to be the normal consequences of diabetes and obesity are not borne out in factual record. Defendant's Brief, pp. 12-14. For instance, Plaintiff argues that diabetes can result in "excessive thirst, frequent urination, extreme hunger, irritability, weakness, fatigue, drowsiness, blurred vision, numbness in hands or feet and itching." Plaintiff's Brief, pp. 7-8. However, in this case the evidence establishes that Plaintiff's thirst and urination are under control. R., pp 239-40. There were no reports of diabetes-related hunger, and no reports of drowsiness or blurred vision. Plaintiff reported no numbness in her feet, and some isolated instances of hand numbness, but only with exertion. R., p. 288. Plaintiff herself described herself as "pretty happy." R., p. 205. Though, as Plaintiff argues, obesity can lead to respiratory problems and sleep apnea, Plaintiff's Brief, p. 9, Plaintiff has never been diagnosed with these conditions. R., p. 12. Her lungs are clear with no shortness of breath. R., pp. 200, 239-40.

Plaintiff also asserts that "common sense declares that an extremely over-weight person might have a problem with timely and regular attendance," Plaintiff's Brief, pp. 15-16, yet Plaintiff has not borne the burden of proving that this is the case for her specifically. The Court cannot accept Plaintiff's allegation that the ALJ's failure to address Plaintiff's absenteeism and tardiness rate while at the Hiram

Andrews Center constituted reversible error. The record shows that Plaintiff herself attributed her absenteeism and tardiness to painful dental problems and dental work which she was then experiencing. R., pp. 295-96. These problems have since been resolved, unfortunately but permanently, by the extraction of Plaintiff's teeth. R., pp. 237-38.

Plaintiff relies heavily on the finding by Dr. Schmidt, a psychologist, that Plaintiff's obesity renders her 40% impaired in her activities of daily life. R., pp. 207-08. However, the Court cannot agree that Dr. Schmidt's judgment leads to a conclusion that Plaintiff is totally disabled, or even unfit for light work. Dr. Schmidt's finding of a 40% reduction in activities of daily life relating to obesity is an opinion outside the course of his speciality, and thus may be accorded less weight than his opinions regarding Plaintiff's psychological status. 20 C.F.R. §416.927(d)(5). Also, there is a wealth of contrary evidence, not only concerning Plaintiff's activities of daily life, but as to her emotional state generally. Plaintiff herself told Dr. Schmidt that she was looking every day for a job, indicating that at that time she believed herself capable of working. R., p. 204. Plaintiff is of average intelligence, and is not anxious or depressed. R., pp.169-82. Overall, her psychological exams showed her to be within normal limits. R., pp.169-82, 204-07. She had a history of psychological treatment, but none since her filing for disability. R., pp. 169-82.

In general, Plaintiff's activities of daily life are also consistent with a person of reduced functioning capacity rather than of total disability. Plaintiff lives with her mother, R., p. 273, and performs limited household chores, like sweeping, and washing the dishes. R., p. 285. She can care for her own personal needs of washing and dressing, R., p. 288, and also manages and tracks her blood sugar. R., pp. 280-281. She spends a great deal of time at the computer, playing games or surfing the internet. R., p. 288. She can sit for long periods, and experiences no significant loss of sensation in fingers or toes. *Id.* She swims several times a week R., p. 284. She enjoys shopping and board games. R., p. 208. She can ascend steps, though she will go more slowly when tired. R., p. 289. She can walk steadily for 15 minutes before her back hurts, but can walk longer at a more intermittent pace, such as when she is shopping. R., p. 289. She can focus on tasks, and her long term memory is good. R., p. 290. She enjoys reading magazines and thrillers. *Id.*

Plaintiff acknowledged some anxiety about driving, which prevented her from trying to get a license. R., p. 279. She also does not trust her cooking abilities. R., p. 285. However, in general, her demeanor was well within normal healthy limits both to the examining professionals and at the hearing. R., pp. 203, 271-97. She is cooperative and polite. R., p. 75. She gets along with family, friends and neighbors, as well as with authority figures. R., p. 117.

Plaintiff has a mild reduction in concentration, R., p. 15-16, perhaps caused by her diagnosed attention deficit hyperactivity disorder. R., p. 182. Dr. Schmidt's report estimates a 20% reduction in concentration abilities. R., p. 208. However, Dr. Schmidt thought that Plaintiff could adjust to workplace pressures. R., p. 210.

Plaintiff also takes issue with the ALJ's determination that she had a residual functioning capacity for limited light work. Plaintiff's Brief, pp. 19-20. Specifically, the ALJ found that Plaintiff "has the residual functioning capacity to perform work at the light exertional level but must avoid more than occasional interaction with supervisors, coworkers, and the general public, and is limited to simple, routine, and repetitive one to two-step tasks performed in a low-stress environment that involve only simple, work-related decisions and, in general, relatively few workplace changes." R., p. 19. In so finding, the ALJ rejected the recommendation of the State Agency medical consultant who evaluated Plaintiff's case, and who concluded that she had the ability to perform at the medium exertional level. *Id.* Plaintiff argues that the record of absenteeism at the Hiram Andrews Center, the testimony of the Vocational Expert, and Plaintiff's own testimony regarding her limitations lead to the conclusion that she is not capable of performing light work. Plaintiff's Brief, pp. 19-21.

As was discussed *supra,* Plaintiff's record of absenteeism and tardiness at the Hiram Andrews Center was attributed by Plaintiff herself to the dental problems she was having at the time, and is thus not relevant to her ability to do work generally. By contrast, there was no record of absenteeism during Plaintiff's job experience. R., pp. 118-19. Similarly, her account of her own abilities, as discussed *supra*, is not at odds with an ability to do light work. In assessing the subjective complaints of a social security plaintiff, the ALJ has the authority to discount complaints of symptomatology that are inconsistent with the medical record. *Hartranft v. Apfel*, 181 F.3d 358, 362 (3d Cir. 1999). Here,

Plaintiff's medically verifiable conditions are not consistent with someone who is completely unable to work, but are entirely consistent with the finding of ability to work at a light exertional range. Plaintiff has a grip strength of twenty pounds, R., p. 183, and a weight lifting capacity of 42 ½ pounds. R., p. 131. The state agency medical consultant who reviewed Plaintiff's history in this case actually opined that she had the capacity for medium range exertion. R., p. 229-36.

At the hearing, the ALJ posed a number of hypothetical questions to the Vocation Expert, each one involving an escalating level of disability on the part of the hypothetical employee. R., pp. 297-302. The last question involved a hypothetical plaintiff who would require more than the customary number of breaks and absences. R., pp. 301-02. The Vocational Expert answered that such a person would be unemployable, and Plaintiff now seeks to bind the court to this finding with regard to this case. Plaintiff's Brief, pp. 15, 20-21. The Court cannot agree with this analysis for several reasons. First, it is not improper for a range of hypothetical scenarios to be posed to the Vocational Expert at a disability hearing. These questions are often mutually exclusive, as is the case here. The ALJ always retains the discretion, based on his review of the entire record, to choose the hypothetical scenario most appropriate for the Plaintiff, given Plaintiff's residual functioning capacity. Thus, the fact that a question was posed involving an employee who would require excessive breaks and absences does not mean that Plaintiff is such an employee.

In fact, the record amply supports the ALJ's characterization of Plaintiff as capable of doing light work, in accordance with a previous hypothetical question. Plaintiff had verifiable medical complaints, none of which either singly or in combination were disabling. She had responded to medical treatment with regard to her diabetes, R., pp. 281, 292, wrist pain and physical strength, R., pp. 131, 183, and hypothyroidism R., pp. 239-42.

Dr. Schmidt's GAF rating was also the subject of heated dispute between the parties. Plaintiff's Brief, p. 4, Defendant's Brief, p. 22. According to Plaintiff, her GAF (Global Assessment Functioning rating of 40 as found by Dr. Schmidt , R., p. 207, is indicative of a serious impairment in social and occupational functioning. According to Defendant, it is a peripheral observation and not entitled to probative weight. Defendant's Brief, p. 22, citing American Psychiatric Ass'n, *Diagnostic and*

*Statistical Manual of Mental Disorders* (4th ed. 1994). Clearly, the ALJ did not consider it worthy of probative weight, as he failed to mention this finding in the course of his opinion. The Court cannot agree that this oversight by the ALJ compromises his ruling in any way. First, Dr. Schwartz did make specific findings that Plaintiff experienced a 40% reduction in her activities of daily life on account of her obesity and that she was 45% impaired in her social skills. R., pp. 207-08. These findings were specifically addressed in the ALJ's opinion. R., p. 15. The failure to address the GAF score was a harmless omission.

The Social Security Act directs that a Plaintiff's subjective symptoms, including pain, are to be evaluated in the context of the objective medical record. 20 C.F.R. §416.929(c). Where the two lack any congruity, the ALJ may determine that the Plaintiff lacks credibility in her subjective complaints. Social Security Ruling 96-7p, "Policy Interpretation Ruling Titles II and XVI: Evaluation of Symptoms in Disability Claims: Assessing the Credibility of an Individual's Statements." The record supports the ALJ's conclusion that the medical evidence does not lead to a conclusion of total disability. Dr. Schmidt's finding of a 40% reduction in activities of daily life relating to obesity is an opinion outside the course of his speciality, and similarly does not lead to a finding of disability. Plaintiff's daily activities are similarly incompatible with a finding of total disability, although entirely consistent with a reduced functioning capacity.

Finally, Plaintiff argues that the ALJ committed reversible error in discounting the report by Dr. Pruchnic, R., p. 196, which concluded that Plaintiff was permanently disabled. Plaintiff's Brief, pp. 16-19. The ALJ's reasoning on this issue was as follows:

> The Administrative Law Judge has also considered the August 2003 opinion of the claimant's treating endocrinologist that the claimant was permanently disabled. In deciding the weight given to any medical opinion evidence, the Administrative Law Judge must consider the examining relationship, treating relationship, supportability, consistency, specialization and other factors that tend to support or contradict opinion evidence. Social Security Ruling 96-2p also provides that a medical opinion provided by a treating physician must be well supported by medically acceptable clinical and laboratory diagnostic techniques and cannot be inconsistent with other substantial evidence of record.
>
> For the following reasons, this opinion is not provided controlling weight. First, the

> Administrative Law Judge notes that this physician had only treated the claimant on two occasions, February 2002 and July 2003, prior to providing the opinion and has not subsequently reported that the claimant has been disabled. Second, the physician did not provide any clinical or objective findings to support his opinion and, as discussed above, the subsequent progress notes state the claimant's thirst was controlled and she was not experiencing any nocturnal episodes. In addition, the physical examinations have been essentially unremarkable and do not reveal the claimant is experiencing any symptoms or complications from hypothyroidism or diabetes mellitus. Third, the claimant's history of treatment including approximately only two to three visits to a physician in 2003 and 2004 and lack of any other treatment are inconsistent with an individual experiencing debilitating symptomatology. Consequently, this opinion is not provided any controlling weight. Moreover, the ultimate conclusion regarding disability is an administrative determination reserved to the Commissioner involving considerations in addition to the purely medical findings or subjective complaints.

R., pp. 19-20 (citations omitted). The Social Security Act acknowledges that the opinions of treating physicians are entitled to enhanced weight and deference, 20 C.F.R. § 416. 927 (d), but not necessarily to the point of dictating the outcome of the case. 20 C.F.R.§ 416.927(e); Social Security Ruling 96-5p. A treating physician's opinion is entitled to controlling weight only if it is well supported by the medical record, and not inconsistent with other substantial evidence. §416.927(d). Ultimately, the question of a plaintiff's disability is reserved for the ALJ alone, upon consideration of all the evidence. 20 C.F.R. §416.927(e).

As noted by the ALJ, Dr. Pruchnic had seen the Plaintiff only twice, in February of 2002 and in July of 2003 before pronouncing her disabled. R., pp. 190, 193. He did so in a "check the box" format, R., p. 196, without citing any reasons or supporting medical facts. It is unclear from the form which Dr. Pruchnic completed whether he had reviewed Plaintiff's record, her clinical history, or had conducted a physical examination. *Id.* The fact that he did not check the boxes next to these items clearly suggests that he did not. The report contains no discussion of the doctor's findings, or reasons in support of his conclusion. Given the fact that there was no supporting evidence or rationale for Dr. Pruchnic's conclusory declaration, the ALJ did not err in discounting it, especially given Plaintiff's sparse treatment history with this doctor.

Because Plaintiff's medical conditions, either singly or in combination, do not meet or equal the

severity of a listed impairment, because of the finding of ability to do work in the light exertional range, and because the ALJ did not err in disregarding the conclusory report of Dr. Pruchnic, and most importantly because the findings and conclusions of the ALJ are supported by substantial evidence, the ALJ's decision was proper and must be affirmed.

An appropriate Order follows.

**AND NOW**, this 11th day of August, 2006, this matter coming before the Court on the parties' cross-motions for summary judgment, IT IS HEREBY ORDERED THAT: 1) the Plaintiff's Motion for Summary Judgment (Document No. 14) is DENIED; and 2) the Defendant's Motion for Summary Judgment (Document No. 16) is GRANTED.

**BY THE COURT**:

**KIM R. GIBSON,**
**UNITED STATES DISTRICT JUDGE**

cc: John G. Burt, Esq.
John J. Valkovci, Jr., AUSA